**SIGNED.**

Dated: February 12, 2009

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| PATRICIA FARNSWORTH, | No. 4:07-bk-02168-JMM |
| Debtor. | **MEMORANDUM DECISION** |

Before the court is the Debtor's objection to the secured claim of Floyd White (Dkt. #63 relating to Claim No. 7). Mr. White holds an equitable lien of $10,000, as a secured creditor, against property owned by the Debtor. (*See* this court's decision and order of March 19, 2008, Dkts. #28 and #29.) After this court ruled that Mr. White's equitable lien was enforceable as a secured obligation, the court authorized the parties to return to Superior Court to conclude the matter to final judgment.

At the Superior Court level, that court allowed Mr. White $5,000 in attorneys' fees. The issue, then, now before this court, is whether that $5,000 is entitled to be included as part of, and in addition to the allowed equitable lien of $10,000, or whether it is a separate, unsecured obligation.

In its order on the issue, the court found that Mr. White's equitable lien of $10,000 was "a type of consensual lien." (Dkt. #29.) In connection with the parties' Superior Court dispute, that court awarded an additional $5,000 to Mr. White, pursuant to ARIZ. REV. STAT. § 12-341.01, which applies to "any contested action arising out of a contract."

In its most fundamental definition, a contract is a mutual agreement in which the parties have a meeting of the minds. Thus, the Superior Court's award is consistent with this court's holding that Mr. White's equitable lien is "a type of <u>consensual</u> lien." That holding of this court is the "law of the case."

From this point forward, the analysis is an easy one. Section 506(b) of the Bankruptcy Code states that, if the value of the secured property is sufficient to allow it, "there <u>shall</u> be allowed to the holder of such claim, <u>interest</u> on such claim, <u>and</u> any reasonable <u>fees</u>, <u>costs</u> or charges provided for under the agreement or state statute under which such claim arose."

Accordingly, Mr. White's secured claim against the Debtor's real property shall be in the amount of $15,685.10, represented by the $10,000 principal, $5,000 in attorneys' fees and $685.10 in taxable costs.

A separate order will issue. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Wayne Mortensen, Attorney for Debtor

Carl Tootle, Attorney for Floyd White

Dianne C. Kerns, Trustee

Office of the U.S. Trustee