**SIGNED.**

Dated: May 01, 2009

/s/ James M. Marlar
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 13 |
| PATRICIA FARNSWORTH, | ) No. 4:07-bk-02168-JMM |
| Debtor. | ) **MEMORANDUM DECISION** |

    Before the court is the legal issue of whether the Debtor's chapter 13 plan can be confirmed. The chapter 13 Trustee's objections have been, or will and can be resolved easily. All that currently stands between the Debtor and confirmation of her plan is the objection of Floyd White.

    The Debtor's amended plan was filed February 26, 2009 (Dkt. #84). This court, as well as the Pima County Superior Court, has recognized Mr. White as holding an equitable lien against the Debtor's residential property. That lien, deemed consensual in nature, is superior to the Debtor's claim of homestead, but behind real property taxes and the lien of Wells Fargo Bank.

    Mr. White's total equitable lien (in principal only) is $15,685.10. While the Debtor's plan recognizes that lien, and further provides, in para. 3(b)(1) that the lien is retained, it does not provide for a distribution to Mr. White from any of the payments made to the Trustee.

    Mr. White objected to the Debtor's plan (Dkt. #89), on grounds that his lien is not recognized, and that he believes the language of the plan places the Debtor's homestead in front of his equitable lien.

1   The court disagrees, but sides with Mr. White in finding that (1) the equitable lien of
2   Mr. White is recognized and acknowledged as valid; and (2) nothing in the plan elevates the
3   Debtor's homestead rights ahead of Mr. White's equitable lien.

4   As for whether Mr. White has any "arrearages" under his equitable lien, which are not
5   being paid, is altogether a novel issue.

6   The equitable lien is just that--a lien which the Superior Court created to equitably
7   remedy a wrong. The right was created by a Superior Court judgment, as a matter of state law. This
8   court only recognized it as such in the bankruptcy proceeding. *Butner v. United States*, 440 U.S.
9   48 (1979) (property rights are created by state law). Thus, the lien exists, and if its existence is
10  properly recorded, that lien will or should be paid upon either a sale or refinancing of the property.
11  But, unless the parties can direct the court to some other provision of statutory or common law, that
12  is as far as it goes. The Superior Court carved out no time limit, periodic payments or deadlines by
13  which Mr. White must be paid. There are, to this court's knowledge, no terms of repayment
14  associated with the Superior Court's order.

15  If that is indeed the case, then the Debtor's plan is confirmable. The Debtor should
16  supplement her confirmation order to be consistent with this decision, but aside with agreeing with
17  Mr. White that he has an equitable lien which is superior to the Debtor's homestead rights, the court
18  can see no legitimate legal reason not to confirm the Debtor's plan.

19  Accordingly, Mr. White's objections are OVERRULED, and the Debtor and Trustee
20  shall upload an order confirming the Debtor's chapter 13 plan.

22  DATED AND SIGNED ABOVE.

24  COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:
25  Wayne Mortensen, Attorney for Debtor
26  Carl Tootle, Attorney for Floyd White
27  Dianne C. Kerns, Trustee
28  Office of the U.S. Trustee